UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CHARLES ALVIN SMITH,           )
                               )
         Plaintiff,            )
                               )
v.                             )    Case No. 1:21-CV-115 SNLJ
                               )
DARREN K. CANN, et al.,        )
                               )
         Defendants.           )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Charles Smith brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon three motions filed by Plaintiff. Plaintiff seeks leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs (ECF No. 2); appointment of counsel (ECF No. 4); and a hearing in this matter (ECF No. 6). Plaintiff also filed five letters with the Court over a three-week period, inquiring on the status of his case. ECF Nos. 7-11. As discussed below, Plaintiff's motion to proceed *in forma pauperis* will be granted. However, after reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), this matter will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. As such, Plaintiff's motions for counsel and a hearing will be denied as moot.

### Motion to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In this case, Plaintiff filed his complaint on August 16, 2021, along with a motion to proceed *in forma pauperis* and a certified inmate account statement. ECF Nos. 1-3. A week later, the Court received a check from Plaintiff in the amount of the full filing fee, $402. Over two months have passed since the filing fee was paid in full and Plaintiff has not withdrawn his motion to proceed *in forma pauperis*. Because *in forma pauperis* status confers benefits on litigants aside from payment of the filing fee in installments, the Court will assume that Plaintiff still seeks such status in this case. Based on a review of the financial information submitted in support of the motion, the Court will grant Plaintiffs' motion to proceed *in forma pauperis*.[1]

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

---

[1] The Court's filing fee for bringing a civil action (filed after December 1, 2020) is $402, which includes a statutory filing fee of $350 and an administrative fee of $52. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350"); 28 U.S.C. § 1914(b) ("The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States"); Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule (issued in accordance with 28 U.S.C. § 1914) (effective on Dec. 1, 2020) ($52.00 administrative fee added to the statutory fee for filing a civil action in district court).

However, the Judicial Conference expressly provided that the additional $52.00 "fee does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.* Since Plaintiff is now proceeding *in forma pauperis*, the Court will direct that the $52 administrative fee be returned to him.

seeks monetary relief against a defendant who is immune from such relief.[2] When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

---

[2] Plaintiff, an incarcerated person, seeks redress against governmental entities and employees in this action. The Court notes that even if Plaintiff intended not to proceed *in forma pauperis* when he paid the filing fee in full (despite not withdrawing his motion), his complaint would still be subject to initial review under 28 U.S.C. § 1915A, which governs review of civil complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (holding that the statutory language of 28 U.S.C. § 1915A applies to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee)). Under this statute, Plaintiff's complaint is also subject to dismissal on the grounds of being frivolous or malicious, for failing to state a claim upon which relief can be granted, or for seeking monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint and Supplemental Filing

Plaintiff, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), brings this action under 42 U.S.C. § 1983. Plaintiff alleges violations of his civil rights against three defendants: (1) Darren K. Cann (prosecuting attorney in the 33rd Judicial Circuit); Judge Unknown Horrick (33rd Judicial Circuit Judge); and the 33rd Judicial Court System. ECF No. 1 at 1-5.

Plaintiff states that during his July 2021 trial, prosecuting attorney defendant Cann "cross examined [Plaintiff's] residential files and found everything up too date." *Id.* at 3. Yet, Plaintiff was found guilty "with zero probable cause … due too the cost of the courts … and not due too any charges." *Id.*

According to Plaintiff, 33rd Judicial Court Judge defendant Horrick "committed perjury on the stand," in that he lied under oath when he told Plaintiff "10 to 12 prior to trial" but then he gave him an 18-year sentence "with zero anything too find [him] guilty." *Id.* As to Judge Horrick, Plaintiff further states: "Also discrimination and due process, right too a fair trial." The rest of Plaintiff's allegations are unclear as they appear to be a disjointed list of words. *Id.* However, as best the Court can decipher, Plaintiff seems to be asserting that his arrest was unlawful in that "the police officer in trial [said] I had zero warrant to make a arrest [--] I had zero evidence to arrest [Plaintiff]" and that an "official cannot arrest a man without a warrant." *Id.* Finally, Plaintiff asserts that he is innocent under all Missouri and Supreme Court laws, and that he has all the evidence to prove his innocence "under the Freedom of Information Act." *Id.* at 5, 7.

Plaintiff does not allege that he suffered any injuries as a result of defendants' actions. *Id.* at 6. However, for relief, Plaintiff seeks money damages in the amount of 10.5 billion dollars; that his sentence be vacated or corrected; and that he be released from incarceration. *Id.* at 7. Plaintiff

explains that this dollar amount is the amount he is "currently approved for" from his lender as he does "digital currencies and a record deal with hiphot artist Drake." *Id.* at 8.

On August 20, 2021, the Court received a supplemental filing from Plaintiff, titled "Motion too Appeal / Motion too Vacate." ECF No. 5. This filing is difficult to read but it appears that Plaintiff is reasserting the same arguments made in his original complaint, in that Judge Horrick committed perjury by telling Plaintiff prior to trial that the greatest sentence he could get would be 10 to 12 years. Plaintiff also seems to be asserting that the police officer who testified in his trial committed perjury. *Id.* at 1.

## Plaintiff's Other Filings with the Court

On September 2, Plaintiff filed a letter requesting "a court date ASAP," construed as a motion for a hearing. ECF No. 6. In response to this filing, the Clerk of Court sent Plaintiff a copy of the docket sheet for this matter. On September 29, Plaintiff filed a letter stating that he received that docket sheet and that since the docket sheet shows "a gavel on the motion too leave" that means that the Court is "accepting it." ECF No. 7. As such, Plaintiff "was wondering when this is going to happen" and when is he "going too leave." *Id.* at 1. Plaintiff also states that he has witnesses who will state that he was "set up by the police." *Id.* In another letter received October 1, Plaintiff asks: "Can we strike a deal ASAP?" and states that he heard that defendant Cann passed away. ECF No. 8. In his October 12th and second October 18th letter, Plaintiff again asks about a court date. ECF Nos. 9, 11. In the first letter received on October 18th, Plaintiff states that he needs "a 180 writ and letter of incarceration sent to the Eastern District Courts" because he does "not have a detainer on [him] but [he is] being detained." ECF No. 10.

## Plaintiff's State Court Proceedings in the Missouri 33rd Judicial Circuit Court

A review of Plaintiff's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system, provides some needed background for understanding the allegations of

his complaint. Plaintiff provides one Missouri case number in the caption of §1983 complaint; however, understanding Plaintiff's state court criminal history involves examining multiple state court criminal cases against him. *See* ECF No. 1 at 1 ("Case No: 19micr00417-001").

In April 2019, Plaintiff was charged with one count of failure to register as a sex offender in the 33rd Judicial Circuit Court in Mississippi County, Missouri, by prosecuting attorney Darren Cann. *See State v. Smith*, Case No. 19MI-CR00171-01 (33rd Jud. Cir. Apr. 17, 2019). Plaintiff plead guilty to this offense on June 12, 2019 and was sentenced to four (4) years incarceration. However, the execution of his sentence was suspended and he was put on supervised probation for five (5) years. In September 2019, Plaintiff was charged with a second count of failure to register as a sex offender. *See State v. Smith*, Case No. 19MI-CR00417-01 (33rd Jud. Cir. Sept. 25, 2019). On October 9, 2019, Plaintiff plead guilty and was sentenced to 120 days of shock incarceration and four (4) years' incarceration "concurrent with 19MI-CR00171-01." After Plaintiff's period of shock incarceration, he was released on supervised probation for a term of five (5) years. In March 2021, Plaintiff was charged with a third offense of failure to register as a sex offender by Darren Cann in Mississippi County. *See State v. Smith*, Case No. 19MI-CR00078-01 (33rd Jud. Cir. Mar. 24, 2021). Plaintiff waived trial by jury so on July 9, 2021, his case went to trial before Judge Robert Horack.[3] Plaintiff was found guilty and sentenced to 18 years. There is no indication in the record that Plaintiff has filed an appeal in any of these state court cases.

## Discussion

After a careful review and liberal construction of the pleadings, the Court will dismiss this matter for failure to state a claim upon which relief may be granted and for seeking monetary relief

---

[3] Plaintiff states in his complaint that he is unsure about the correct spelling of defendant Judge "Horrick or Horvek." ECF No. 1 at 5. The Court presumes that Plaintiff is referring to Judge Robert Horack, who sentenced Plaintiff in state court on July 9, 2021, when he makes allegations against Judge "Horrick." For the sake of consistency, Plaintiff's spelling of defendant's name will be used in this Order.

against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). First, to the extent that Plaintiff seeks release from confinement or correction of his state court sentence in this matter, such relief is not available in a civil action brought under 42 U.S.C. § 1983. Allegations seeking such relief fail to state a valid § 1983 claim. Second, as for Plaintiff's remaining claims for money damages, Plaintiff's complaint is subject to dismissal because he seeks relief from defendants who are immune from such relief. Prosecuting attorney Cann and Judge Horrick are absolutely immune from Plaintiff's claims, and the 33rd Judicial Court System is protected by state immunity under the Eleventh Amendment. For these reasons, which are discussed in more detail below, this matter will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## I.     Available Relief Under 42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Damages are an acceptable form of relief in a § 1983 action. However, if a plaintiff is seeking release from confinement, challenges to the fact or duration of confinement are properly sought under a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As of the date of this Order, there is no indication that Plaintiff has appealed his state court matter. All of the issues that Plaintiff raises in his § 1983 complaint – concerning the fairness of his state court trial and sentence – should be raised in an appeal of that matter. Once Plaintiff has exhausted all state court remedies, he can seek relief in a federal habeas action. Therefore, to the extent Plaintiff's allegations seek release from

confinement or correction of his state court sentence, these claims fail to state a valid claim for relief under 42 U.S.C. § 1983.

## II. Absolute Immunity for Judge Horrick and Prosecutor Cann

Plaintiff's claims against prosecuting attorney Darren Cann and 33rd Judicial Circuit Court Judge Horrick are barred by immunity. Plaintiff's allegations against Judge Horrick are based on alleged wrongdoings by Horrick while performing his judicial duties in Plaintiff's state court proceedings. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Here, Plaintiff alleges no facts of Judge Horrick acting outside his judicial capacity or without jurisdiction. All of Judge Horrick's allegedly unlawful actions were judicial in nature. Further, Judge Horrick, acting as a judge in the 33rd Judicial Circuit Court, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 14. Moreover, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge Horrick acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to Plaintiff's § 1983 claims against him.

Plaintiff also names prosecuting attorney Darren Cann and claims that Cann committed wrongdoing when performing his duties in Plaintiff's judicial proceedings. Absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a

criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*). Plaintiff's allegations against prosecutor Cann involve basic prosecutorial functions taken by Cann in his pursuit of charges against Plaintiff. Therefore, Cann is protected by absolute immunity from Plaintiff's § 1983 claims.

### III.     State Court System Immune from 42 U.S.C. § 1983 Suit

In the caption of his complaint, Plaintiff names "33 Judicial Court System" as a defendant in this matter. ECF No. 1 at 1. However, Plaintiff does not allege, with any specificity, that the Court System did anything to violate his rights in the allegations of his complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Regardless, even if Plaintiff had made specific allegations against the 33rd Judicial Court System, state court systems are not suable under § 1983. *Harris v. Mo. Ct. of Appeals, W.D.*, 787 F.2d 427, 429 (8th Cir.1986) (state courts are not vulnerable to § 1983 suits because they are protected by state immunity under Eleventh Amendment); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and

instrumentalities from suit in federal court."). Plaintiff's claims against defendant 33rd Judicial Court System are barred by Eleventh Amendment immunity.

## Conclusion

Although Plaintiff initiated this civil action on a court-form for Prisoner Civil Rights Actions Under 42 U.S.C. § 1983, Plaintiff seeks release from confinement or correction of his state court criminal case sentence. Such relief is not available in a § 1983 action, and any allegations seeking such relief fail to state a valid claim under § 1983. Furthermore, the three defendants named in this action are immune from relief. Missouri court Judge Horrick and prosecuting attorney Cann are both absolutely immune from § 1983 claims involving judicial and prosecutorial actions taken in the course of Plaintiff's state court criminal matter. Defendant 33rd Judicial Court System, as a state court, is protected by Eleventh Amendment state immunity from § 1983 claims. As such, this case will be dismissed under 28 U.S.C. § 1915 (e)(2)(B) for failure to state a claim and for seeking relief from defendants who are immune.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return to Plaintiff the $52 administrative fee he paid to the Court since he is now proceeding *in forma pauperis* and that administrative fee is hereby waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Darren K. Cann, Judge Unknown Horrick, and the 33rd Judicial Court System because the complaint fails to state a claim upon which relief can be granted and seeks relief from defendants who are immune from such relief. Plaintiff's claims against

defendants Darren K. Cann, Judge Unknown Horrick, and the 33rd Judicial Court System are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for hearing [ECF No. 6] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of November, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE